IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JOHNNY T.,[1]

Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

Defendant.

Case No. 6:18-cv-00829-AA
**OPINION AND ORDER**

AIKEN, Judge:

Johnny T. ("Plaintiff") brings this action pursuant to the Social Security Act ("Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied Plaintiff's application for Disability Insurance Benefits ("DIB") under Title II of the

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

PAGE 1 – OPINION AND ORDER

Act. For the reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for an immediate award of benefits.

## BACKGROUND

Plaintiff filed an application for DIB in September of 2014 alleging disability due to back injuries. Specifically, Plaintiff alleged a compression fracture of the L1 vertebra and a fracture of the T12 vertebra, high blood pressure, osteoporosis of the spine, chronic pain, and depression. The application was initially denied and then again upon reconsideration. Following a hearing, an Administrative Law Judge ("ALJ") found Plaintiff not disabled in a written decision in June of 2017. The Appeals Council denied review, and Plaintiff subsequently filed a complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision so long as 1) it is based on proper legal standards and 2) its findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). The district court reviews the record as a whole, and must weigh both evidence that supports and evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). If evidence presents the possibility for multiple interpretations and the Commissioner's decision is rational, the decision must be affirmed because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4); *id.* § 416.920(a)(4). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of September 5, 2014. Tr. 22; 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *id.* §§ 416.920(a)(4)(i), (b). At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease and compression fractures in the thoracic and lumbar spine. Tr. 22; 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *id.* §§ 416.920(a)(4)(ii), (c). At step three, the ALJ found that Plaintiff's impairments, whether considered singly or in combination, did not meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 23; 20 C.F.R. §§ 404.1520(a)(4)(iii), (d); *id.* §§ 416.920(a)(4)(iii), (d).

The ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) except that Plaintiff could only stand or walk for four hours in an eight-hour workday; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally stoop, kneel, crouch,

and crawl; occasionally reach overhead bilaterally; avoid exposure to hazards such as unprotected heights and moving mechanical parts; and must be provided with a sit/stand option defined as the ability to change position after 30 to 60 minutes for three to five minutes while remaining on task. Tr. 23; 20 C.F.R. §§ 404.1520(a)(4)(iv), (f); *id.* §§ 416.920(a)(4)(iv), (f).

At step four, the ALJ found Plaintiff was able to perform his past relevant work as a service manager. Tr. 28. By finding Plaintiff capable of performing his past relevant work, the ALJ determined that Plaintiff was not disabled and did not proceed to step five. 20 C.F.R. § 404.1520(a)(4); *id.* § 404.1520(f).

## DISCUSSION

Plaintiff alleges that the ALJ erred by (1) concluding that Plaintiff could perform his past work; (2) discounting Plaintiff's testimony about the severity of his symptoms; (3) rejecting the medical opinion of Dr. Vanderburgh; and (4) rejecting the lay witness testimony of Plaintiff's wife, friends, and former employer.

The Commissioner's brief does not contest any of these errors but requests a remand for further proceeding because he concedes that the ALJ erred at step four of the sequential evaluation. This is because while the vocational expert ("VE") testified that Plaintiff was not capable of performing his former job as a service manager as that job was generally performed, the ALJ disagreed and found that Plaintiff was capable of performing his past service manager job. The ALJ then found Plaintiff not disabled at step four due to his ability to perform his past work, and did not proceed to step 5.

Since all parties agree that the ALJ erred, the only question is whether the case should be remanded for further proceedings or for an immediate award of benefits. In a footnote, the Commissioner states that

> Plaintiff asserted other errors in his brief related to the ALJ's evaluation of his RFC, which the Commissioner does not concede. Further, even if the ALJ erred in evaluating Plaintiff's RFC, the appropriate remedy would be remand for further proceedings because, "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."

Def.'s Br. at 5 (citing *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999)). But courts do not need to "consider or address 'substantive arguments raised only in a footnote.'" *Keizer Campus Operations, LLC v. Lexington Ins. Co.*, No. 6:13-cv-00165-AA, 2013 WL 4786521, at *4 n.2 (D. Or. Sep. 5, 2013) (citing *Rambus Inc. v. Hynix Semiconductor Inc.*, 569 F.Supp.2d 946, 985 (N.D. Cal 2008)); *see also Morales v. Woodford*, 388 F.3d 1159, 1168 n.14 (9th Cir. 2004), *cert. denied*, 546 U.S. 935 (2005) (citation omitted).

Additionally, the Commissioner's failure to substantively respond to Plaintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues. *See Bolbol v. City of Daly City*, 754 F.Supp.2d 1095, 1115 (N.D. Cal. 2010) (granting summary judgment where plaintiff failed to address the issue in opposition brief); *Ankele v. Hambrick*, 286 F.Supp.2d 485, 496 (E.D. Pa. 2003) (finding where plaintiff made no response to the argument, he "waived his opportunity to contest it" and "summary judgment is appropriate"); *Steger v. Peters*, No. 6:16-cv-02093-YY, 2018 WL 3430671, at *2 (D. Or. Jul. 16, 2018) (finding plaintiff conceded dismissal of a claim on the merits by not

PAGE 5 – OPINION AND ORDER

responding to the motion for summary judgment); *Ward v. Nat'l Entm't Collectibles Ass'n, Inc.*, No. CV11-06358-MMM(CWx), 2012 WL 12885073, at *10 (C.D. Cal. Oct. 29, 2012) (by failing to oppose defendants' motion for summary judgment on damages claim, plaintiff abandoned right to seek such damages).

A contrary finding would force Plaintiff to relitigate the same issues if he appeals the ALJ's next decision when he has already spent the time and resources on those issues in this appeal. Parties do not have the luxury of picking and choosing which arguments they want to address now, and which they prefer to save for later. It is the Commissioner's burden to defend its decision below and failing to address the merits of Plaintiff's arguments does not mean that those decisions can be contested in the future. Thus, the only issue is whether the case should be remanded for an immediate award of benefits. I find that it should.

The Ninth Circuit has developed a three-step process to determine whether a Social Security appeal should be remanded for further proceedings or for an immediate award of benefits. At step one, the reviewing court must determine whether the ALJ made a harmful legal error, such as failing to provide legally sufficient reasons for rejecting evidence. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). At step two, the court reviews the record as a whole to determine whether the record is fully developed and free from conflicts, with all essential factual issues resolved. *Id.* Step two is the most important step because "whether to remand for further proceedings turns upon the likely utility of such proceedings." *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000) (citation omitted). If the record is fully

developed, the court proceeds to step three and considers "whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true." *Dominguez*, 808 F.3d at 407 (citations omitted). If the ALJ would be required to make such a finding, the court has discretion to remand for an immediate award of benefits. *Id.* Even when all three steps are satisfied, however, the court may remand for further proceedings if the record as a whole "creates serious doubt as to whether a claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 408 (citation and internal quotation marks omitted).

Here, the ALJ harmfully erred by finding that Plaintiff was capable of performing his past work and in rejecting Plaintiff's testimony, the medical opinion of Dr. Vanderburgh, and the testimony of the four lay witnesses. The Commissioner argues that further proceedings are needed because the "factual issues have not been resolved, as there is no evidence or testimony related to whether [p]laintiff could perform his past relevant work as he actually performed it." Def.'s Br. at 4. To the contrary, Plaintiff's testimony and the testimony of his former employer show that Plaintiff was no longer capable of performing his past work as a service manager as he actually performed it.

Plaintiff testified that despite his efforts to persist through the pain, eventually he reached the point that he could not do it anymore. His employer explained that there was nothing that could be done to alleviate Plaintiff's "almost intolerable" discomfort in carrying out the required duties of his position and that he ultimately

had to let Plaintiff go because his back problems made the performance of his job impossible. This is consistent with Dr. Vanderburgh's determination that excessive absences, resulting from Plaintiff's back pain and sleep deprivation, would prevent Plaintiff from performing full-time work. Moreover, Plaintiff's former employer noted that the service manager position required that Plaintiff "sit at a desk the majority of the time," and the lay witness testimony of Plaintiff's friends explained that he could not sit for more than fifteen minutes at a time. Tr. 201, 232. As such, there is sufficient evidence that Plaintiff was no longer capable of performing his past work as he actually performed it and the record is fully developed in that respect. Accordingly, further administrative proceedings would not serve "a useful purpose" because the "crucial questions" have been resolved. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495–96 (9th Cir. 2015).[2]

As to the third requirement, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand because Dr. Vanderburgh determined that Plaintiff would miss around 10 days of work per month and the VE testified that absences "greater than one day per month" would preclude competitive employment. Tr. 52, 329. Furthermore, under SSR 96-8p, Dr. Vanderburgh's opinion establishes that Plaintiff would not be able to sustain work activities on a "regular and continuing basis." SSR 96-8p ("A 'regular and

---

[2] The Commissioner argues in its footnote that a remand for further proceedings is the proper remedy because "'[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Def. Br. at 5 (citing *Meanel*, 172 F.3d at 1113). Nevertheless, the Commissioner has not identified any specific conflicts or ambiguities needing to be resolved.

PAGE 8 – OPINION AND ORDER

continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule."). Therefore, the record reflects that Plaintiff is disabled and would neither be able to do his past work nor find competitive employment in the national economy.

Where each of the credit as true factors is met, only in "rare instances" does the record as a whole leave "serious doubt as to whether the claimant is actually disabled." *Revels v. Berryhill*, 874 F.3d 648, 668 n.8 (9th Cir. 2017) (citing *Garrison*, 759 F.3d at 1021). This case is not one of those "rare instances" and the Court has no serious doubt that Plaintiff is disabled.

## CONCLUSION

The Commissioner's decision is REVERSED and this case is REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated this 2nd day of July, 2019.

Ann Aiken
United States District Judge